**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED



NOV 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, Trustee for the Holders of Harborview 2005-14 Trust,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>2995 E. SUNSET RD. UN. 103 TRUST; et al.,<br><br>Defendants-Appellees. | No.  19-17017<br><br>D.C. No.<br>2:16-cv-02174-KJD-NJK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted October 2, 2023
Las Vegas, Nevada

Before:  RAWLINSON and OWENS, Circuit Judges, and FITZWATER,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Plaintiff-Appellant Deutsche Bank National Trust Company, as Trustee for the Holders of Harborview 2005-14 Trust ("Deutsche Bank"), brought this action against Defendants-Appellees Pacific Sunset Village Homeowners Association, 2995 E. Sunset Rd. Un. 103 Trust, Saticoy Bay LLC Series 2995 E. Sunset Rd. Unit 103 ("Saticoy Bay"), and Nevada Association Services, Inc. ("NAS"), alleging causes of action for quiet title/declaratory judgment, breach of Nev. Rev. Stat. § 116.1113, wrongful foreclosure, and injunctive relief. Deutsche Bank's action related to a lien that it allegedly held on certain real property (the "Property") under a deed of trust that secured the loan that financed the Property's purchase. Through a foreclosure process triggered by the borrower's failure to pay homeowner association ("HOA") assessments, the Property was eventually sold to Saticoy Bay. On cross-motions for summary judgment, the district court held, in pertinent part, that Deutsche Bank's action was not time-barred, but that Deutsche Bank had failed to show that it tendered the superpriority portion of the lien, and, absent a valid tender, the foreclosure sale extinguished Deutsche Bank's lien. In its order and judgment, the district court granted a declaration that title to the Property was vested in Saticoy Bay free and clear of all liens and encumbrances, and that Deutsche Bank and defendants other than Saticoy Bay had no estate, right, title, interest, or claim in the Property. Deutsche

Bank appeals the adverse order and judgment. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

1. The district court did not commit reversible error in concluding that Deutsche Bank's action was not time-barred. The district court did not resolve whether Deutsche Bank's quiet title claim was timely under Nev. Rev. Stat. § 11.220's four-year catch-all provision or § 11.080's five-year period for recovery of real property because it determined that Deutsche Bank filed suit within four years from the date the claim accrued. After the district court entered its order and judgment, the Nevada Supreme Court decided *U.S. Bank, N.A. as Trustee for the Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates Series 2006-BC4 v. Thunder Properties, Inc.*, 503 P.3d 299 (Nev. 2022), holding that "a claim seeking to quiet title by declaring the validity of a lien is subject to a four-year statute of limitations," as set out in the catch-all limitations period set forth in Nev. Rev. Stat. § 11.220. *Id.* at 307. This statute of limitations begins to run when "the lienholder receives notice of some affirmative action by the titleholder to repudiate the lien or that is otherwise inconsistent with the lien's continued existence." *Id.* at 306. Even if it is assumed that the HOA foreclosure sale triggered the limitations period (which is the earliest date the statute of limitations arguably could have begun to run), Deutsche Bank filed suit within four years of the foreclosure sale.

3

Deutsche Bank's quiet title claim was therefore timely, and the district court did not commit reversible error.

2.      The district court found that Deutsche Bank made no showing that it had tendered the superpriority portion of the lien.  Since then, however, the Nevada Supreme Court has identified a "generally accepted exception" to the tender rule: the holder of a first deed of trust is not obligated to tender payment if the tender would be rejected—that is, if the tender would be futile.  *7510 Perla Del Mar Ave. Tr. v. Bank of Am., N.A.*, 458 P.3d 348, 351 (Nev. 2020).  As the district court did not have a chance to consider whether Deutsche Bank has met this exception to the tender requirement, we remand for the district court to consider the issue in light of *Perla.*

\*      \*      \*

The district court's judgment is VACATED, and this matter is REMANDED for further proceedings.  Each party shall bear its own taxable costs.